IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| LEAPERS, INC.<br>(A Michigan Corporation),<br><br>Plaintiff,<br><br>v.<br><br>SMTS, LLC DBA TUFF ZONE<br>(A Michigan Corporation);<br>TRARMS, INC.<br>(A California Corporation); and<br>SUN OPTICS USA,<br>(A Texas Corporation),<br><br>Defendants. | Civil Action No. |

## COMPLAINT AND JURY DEMAND

For this Complaint against Defendants, SMTS, LLC dba Tuff Zone ("Tuff Zone); Trarms, Inc. ("Trarms"); and Sun Optics USA ("Sun Optics"), Plaintiff, Leapers, Inc. ("Leapers"), by its attorneys, hereby alleges as follows:

### A. SUBSTANCE OF THE ACTION

1. This case involves infringement upon the distinctive trade dress used by Leapers in connection with the sale and promotion of its rifle scope and sight products in the United States. Defendants' infringement arises out of the unauthorized use of the distinctive Leapers trade dress ("infringing items").

2. Defendants' advertisement, distribution and/or sale of the infringing items violates Leapers' rights under federal trademark law, common law and Michigan state law. Leapers asserts claims for federal trademark dilution, false designation of origin or sponsorship, and trade dress infringement pursuant to the Lanham Act, as well as common law trademark infringement and

unfair competition. Furthermore, Leapers brings claims under M.C.L.A. 445.903, the Michigan Consumer Protection Act; and M.C.L.A. 429.42 for state trademark infringement. Leapers seeks a permanent injunction preventing Defendants from using the distinctive Leapers trade dress, along with an award of damages, treble damages, profits, attorney's fees and costs.

## B.  THE PARTIES

3. Plaintiff Leapers is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 32700 Capitol St., Livonia, Michigan 48150.

4. Defendant Tuff Zone is a corporation organized and existing under the laws of Michigan. Tuff Zone may be served through its registered agent, Li Wang, 9084 General Drive, Plymouth MI 48170.

5. Defendant Trarms is a corporation organized and existing under the laws of California. Trarms may be served through its registered agent, Chuanwen Shi, 2077 South Vineyard Ave, Ontario, CA 91761.

6. Defendant Sun Optics is a corporation organized and existing under the laws of Texas. Sun Optics may be served through its registered agent, Duane Sorenson, 1312 South Briaroaks Rd., Cleburne TX 76031.

## C.  JURISDICTION AND VENUE

7. Count I is for dilution in violation of the federal Lanham Act, 15 U.S.C. § 1125(c). Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Count III is for common law trade dress infringement under 15 U.S.C § 1125(a).

8. Count IV arises under the common law of Michigan prohibiting trademark infringement and Count V arises under the common law of Michigan prohibiting unfair competition. Counts VI and VII arise out of violations of Michigan state law.

9. This Court has original jurisdiction over Counts I, II and III of this Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has original jurisdiction over Counts IV and V of this Complaint pursuant to 28 U.S.C. § 1338(b).

11. This Court has supplemental jurisdiction over Counts VI - VII of this Complaint pursuant to 28 U.S.C. § 1367(a) since they are so related to Counts I through III as to be part of the same case or controversy.

12. Defendants have submitted to this Court's jurisdiction by doing business in the state of Michigan.

13. The exercise of personal jurisdiction over Defendants by this Court is consistent with the federal Due Process Clause.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants have committed in this district the acts of infringement, deceptive practices, misappropriation of trade secrets and unfair competition. These acts caused harm in the state of Michigan.

### D. GENERAL ALLEGATIONS

#### 1. Leapers' Intellectual Property Rights

15. Leapers has been in the business of supplying shooting, hunting and outdoor gear since 1992. Leapers focuses on providing high-quality niche products with attention to detail.

16. Leapers is the exclusive owner of a wide variety of intellectual property rights, including trademarks, copyrights and patents.

17. Relevant to this Complaint, Leapers owns common law trade dress rights in the distinctive scalloping design applied to the adjustment knobs and bells of its rifle scopes and/or sights (the "Leapers marks").

18. Furthermore, Leapers is the owner of Michigan state registration number M12557, for the Leapers marks (the "Michigan Leapers mark"). A copy of the certificate of registration is attached hereto as Exhibit A.

19. The Leapers marks are distinctive and non-functional.

20. Leapers is engaged in the sale and/or distribution of merchandise bearing the Leapers marks in Michigan and throughout the United States.

21. Leapers maintains strict control over the quality and nature of its products and items bearing the Leapers marks.

22. Leapers has invested considerable time and money in advertising the Leapers marks throughout Michigan and elsewhere in the United States. As a result of extensive worldwide advertising, the Leapers marks are recognizable to consumers as originating from Leapers.

23. Leapers has acquired substantial goodwill among consumers in the United States.

24. As a result of such goodwill and immediate recognition, and as a result of extensive advertising, the Leapers marks have become distinctive and famous and are widely recognized by the general consuming public of the United States as a designation for the source of the goods of Leapers.

### 2. **Defendants' Infringement of Leapers' Marks**

25. Subsequent to Leapers' use of the Leapers marks, Defendants began using the Leapers marks or confusingly similar variations of the marks.

26. Defendants have manufactured, produced, advertised and/or sold products bearing the Leapers marks. [See attached, Exhibit B].

27. Defendants have not received permission from Leapers, or anyone acting on Leapers' behalf, to manufacture, produce, advertise or sell any item bearing the Leapers marks.

28. By manufacturing, producing, advertising and/or selling items bearing the Leapers marks without permission, Defendants have attempted to profit from and capitalize on the trademark rights and substantial goodwill developed by Leapers.

29. Defendants have willfully and intentionally manufactured, produced, advertised and/or sold products bearing the Leapers marks with knowledge that the Leapers marks are owned by Leapers.

30. Defendants manufactured, produced, advertised and/or sold items bearing the Leapers marks with knowledge that Defendants' use of the Leapers marks was unauthorized.

31. The manufacture, production, advertisement, and/or sale of items bearing the Leapers marks created a likelihood of consumer confusion.

32. Defendants used the Leapers marks with the intent to confuse and/or deceive consumers.

### E. PLAINTIFF'S CLAIMS

#### COUNT I
#### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP UNDER 15 U.S.C. § 1125(a)

33. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

34. Defendants used the Leapers marks in commerce and in connection with the sale of goods or services.

35. Defendants' unauthorized use of the Leapers marks in commerce is likely to cause confusion or mistake and/or is likely to deceive consumers as to the affiliation, connection or association of Defendants with Leapers; or as to the origin, sponsorship, or approval of Defendants' goods by Leapers.

36. Defendants' conduct constitutes false or misleading descriptions, and false designations of the origin and/or sponsorship of Defendants' goods in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

37. As a result of Defendants' conduct, Leapers has suffered irreparable harm to the valuable Leapers marks. Unless Defendants are permanently enjoined from further false designations, Leapers will continue to suffer irreparable harm for which it has no adequate remedy at law.

38. A permanent injunction is necessary to prevent Defendants from further interference with Leapers' trademark rights.

39. As a result of Defendants' violation of 15 U.S.C. §1125(a), Leapers has been injured and is entitled to damages, including, but not limited to, Defendants' profits from the sale of all infringing items, actual damages, treble damages, and costs of suit. Since Defendants' infringement is willful, this should be deemed an exceptional case entitling Leapers to attorney's fees under 15 U.S.C. § 1117(a).

**COUNT II**
**TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

40. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

41. Leapers owns trade dress rights and protectable interests in the Leapers marks.

42. The Leapers marks are non-functional.

43. Through long use and substantial advertising and promotion, the Leapers marks have acquired secondary meaning.

44. Defendants' conduct constitutes trade dress infringement in violation of § 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

45. As a result of Defendants' conduct, Leapers has suffered irreparable harm to the valuable Leapers marks. Unless Defendants are permanently enjoined from further trade dress infringement, Leapers will continue to suffer irreparable harm for which it has no adequate remedy at law.

46. A permanent injunction is necessary to prevent Defendants from further interference with Leapers' trademark rights.

47. As a result of Defendants' violation of 15 U.S.C. §1125(a), Leapers has been injured and is entitled to damages, including, but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, and costs of suit. Since Defendants' infringement is willful, this should be deemed an exceptional case entitling Leapers to attorney's fees under 15 U.S.C. § 1117(a)

### COUNT III
### TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

48. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

49. The Leapers marks are the product of creativity and imagination.

50. Through long use and substantial advertising and promotion, the Leapers marks have become distinctive and famous in connection with the goods, and are widely recognized by the general consuming public of the United States as a designation of source of the goods and/or services of Leapers.

51. Defendants adopted and used the Leapers marks after the marks became famous.

52. Defendants' unauthorized use in commerce of the Leapers marks has caused or is likely to cause dilution of the distinctive quality of Leapers' famous marks in violation of 15 U.S.C. § 1125(c).

53. Defendants' use of the Leapers marks is commercial in nature.

54. Defendants' use of the Leapers marks has weakened the unique association of the marks with Leapers, as owner of the marks.

55. As a result of Defendants' dilution under 15 U.S.C. § 1125(c), Leapers has suffered irreparable harm to the valuable Leapers marks. Unless Defendants are permanently enjoined from further dilution, Leapers will continue to suffer irreparable harm for which it has no adequate remedy at law.

56. A permanent injunction is necessary to prevent Defendants from further interference with Leapers' trademark rights.

57. As a result of Defendants' dilution of the famous Leapers marks, Leapers has been injured and is entitled to damages, including, but not limited to, Defendants' profits from the sale of all infringing items, actual damages, treble damages, and costs of suit. Since Defendants' dilution is willful, this should be deemed an exceptional case entitling Leapers to attorney's fees under 15 U.S.C. § 1117(a).

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT

58. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

59. Leapers has the exclusive right to use the Leapers marks or any marks similar thereto in association with the sale of rifle scopes and sights and related products. As a result of the continued sale of these items by Leapers, the Leapers marks have become immediately recognizable and Leapers has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Leapers marks are applied.

60. Leapers has acquired a reputation among consumers for quality and excellence, and the Leapers marks have come to symbolize that reputation.

61. Defendants, with knowledge of and with intentional disregard for the rights of Leapers, manufactured, produced, advertised and/or sold items using the Leapers marks or confusingly similar imitations thereof.

62. Defendants' use of the Leapers marks has created the likelihood of confusion among consumers.

63. Defendants' acts constitute trademark infringement and willful infringement in violation of the common law of Michigan.

64. As a result of Defendants' conduct, Leapers has suffered irreparable harm to the valuable Leapers marks. Unless Defendants are permanently enjoined from further infringement, Leapers will continue to suffer irreparable harm.

65. A permanent injunction is necessary to prevent Defendants from further interference with Leapers' trademark rights.

66. As a result of Defendants' infringement, Leapers has suffered damages, including, but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, costs of suit and attorney's fees.

9

## COUNT V
## UNFAIR COMPETITION

67. Leapers incorporates by reference the allegations contained in all previous paragraphs of this Complaint.

68. Defendants' unlawful and unauthorized use of the Leapers marks constitutes unfair competition with Leapers.

69. Defendants' conduct creates consumer confusion as to the source and/or origin of the infringing items.

70. Defendants' use of the Leapers marks is an attempt to interfere with Leapers' business relationship with its consumers and to trade on Leapers' goodwill.

71. As a result of Defendants' conduct, Leapers has suffered irreparable harm. Unless Defendants are permanently enjoined from further unfair competition, Leapers will continue to suffer irreparable harm.

72. A permanent injunction is necessary to prevent Defendants from further interference with the Leapers marks.

73. Defendants' unfair competition has caused Leapers to incur damages, including but not limited to, Defendants' profits from the sale of the infringing products, actual damages, costs of suit and attorney's fees.

## COUNT VI
## INFRINGEMENT UNDER M.C.L.A. 429.42

74. Leapers incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

75. Defendants have used, without the consent of Leapers, reproductions, counterfeits, copies or colorable imitations of the Michigan Leapers mark (Reg. # M12557).

76. Defendants used the Michigan Leapers mark in connection with the sale, offering for sale, or advertising of goods which use is likely to cause confusion or mistake or to deceive as to the source or origin of such goods.

77. Defendants have reproduced, counterfeited, copied or colorably imitated the Michigan Leapers mark and applied the mark to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used upon or in conjunction with the sale or distribution in the State of Michigan of such goods.

78. Defendants' use of the Michigan Leapers mark creates the likelihood of confusion, mistake and/or deception among consumers.

79. Defendants' acts were committed with the knowledge that the mark is intended to be used to cause confusion or mistake or to deceive.

80. As a result of Defendants' infringement, Leapers has suffered irreparable harm to valuable Leapers marks. Unless Defendants are permanently enjoined from further infringement, Leapers will continue to suffer irreparable harm.

81. A permanent injunction is necessary to prevent Defendants from further interference with Leapers' trademark rights.

82. As a result of Defendants' infringement under M.C.L.A. 429.42, Leapers has been injured and is entitled to damages, including but not limited to, Defendants' profits from the sale of all infringing goods, actual damages, treble damages, costs of suit and attorney's fees.

## COUNT VII
## VIOLATION OF THE MICHIGAN CONSUMER PROTECTION ACT

83. Leapers incorporates herein by reference the allegations contained in all previous paragraphs of this Complaint.

84. Defendants have caused a probability of confusion or misunderstanding as to the source, sponsorship, approval or certification by Leapers of the infringing items.

85. Defendants have represented that the infringing items have sponsorship and/or approval that they do not have.

86. Defendants have disparaged the business and/or reputation of Leapers by false or misleading representations of fact.

87. Upon information and belief, Defendants have willfully engaged in the deceptive methods and practices described above in violation of M.C.L.A. 445.903(1)(a), (c) and (f).

88. Defendants' deceptive practices have caused, and if not restrained by this Court, will continue to cause Leapers irreparable injury for which Leapers has no adequate remedy at law. Unless Defendants are permanently enjoined from further deceptive practices, Leapers will continue to suffer irreparable harm.

89. Because Defendants have willfully engaged in deceptive practices, costs of suit and attorney's fees should be assessed against Defendants.

### F.  PRAYER FOR RELIEF

WHEREFORE, Leapers prays for relief against the Defendants as follows:

a. That Defendants, their officers, partners, agents, servants, affiliates, employees, attorneys, and representatives, and all those in privity or acting in consent or participation with Defendants, and each and all of them, be permanently enjoined from:

(i) Imitating, copying, reproducing, or using, in any manner, the Leapers marks, or any other mark confusingly similar to the Leapers marks;

(ii) Committing any act that dilutes or is likely to dilute the distinctiveness of the Leapers marks;

(iii) Committing any act that is likely to create the impression that Defendants' business or products are in any way sponsored by, approved of or otherwise affiliated or connected with Leapers;

(iv) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy or imitation of any Leapers trademark or trade dress or anything confusingly similar thereto; and

(v) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

b. That Defendants be required to:

(i) Deliver to Leapers for destruction all goods and materials bearing the Leapers marks or anything confusingly similar thereto which Defendants have in their possession or control;

(ii) Recall and deliver to Leapers for destruction all goods and materials bearing the Leapers marks or anything confusingly similar thereto that have been previously distributed or sold;

(iii) Pay damages to Leapers in an amount to be determined at trial for the injuries Leapers has sustained as a consequence of the acts complained of;

(iv) Pay to Leapers the amount of Defendants' profits;

(v) Pay Leapers treble damages, or alternatively, Defendants' profits increased in an amount that the court finds to be just, whichever is greater;

(vi)   Pay all of Leapers' litigation expenses, including reasonable attorneys' fees and costs of this action as a result of the case being exceptional;

(vii)   Pay interest to Leapers, including pre-judgment interest on the foregoing sums; and

(viii)  File with this Court and serve on Leapers an affidavit setting forth in detail the manner and form of Defendants' compliance with the terms of this Court's orders.

c.   That Leapers be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  June 10, 2014

by /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:   248.689.3500
Facsimile:    248.689.4071
E-mail:      hoffmann@reising.com

DARLENE R. SEYMOUR (to be admitted)
JEREMIAH PASTRICK (to be admitted)
Continental Enterprises
1292 E. 91st Street
Indianapolis, Indiana 46240
Telephone:   317-818-0523
Facsimile:    317-566-2453

*Attorneys for Plaintiff Leapers, Inc.*

## **DEMAND FOR TRIAL BY JURY**

Leapers hereby respectfully requests a trial by jury in this cause, and for all other relief just and proper in the premises.

Respectfully submitted,

Dated:  June 10, 2014

by /s/ Richard W. Hoffmann
RICHARD W. HOFFMANN (P42352)
Reising Ethington PC
755 West Big Beaver Road, Suite 1850
Troy, Michigan 48084
Telephone:    248.689.3500
Facsimile:    248.689.4071
E-mail:    hoffmann@reising.com

DARLENE R. SEYMOUR (to be admitted)
JEREMIAH PASTRICK (to be admitted)
Continental Enterprises
1292 E. 91st Street
Indianapolis, Indiana 46240
Telephone:    317-818-0523
Facsimile:    317-566-2453
*Attorneys for Plaintiff Leapers, Inc.*