IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | | |
|---|---|---|
| LEAPERS, INC. <br> (A Michigan Corporation), | ) <br> ) <br> ) | CA No. 2:14-cv-12290-RHC-DRG |
| Plaintiff, | ) <br> ) <br> ) | Honorable Robert H. Cleland |
| v. | ) <br> ) <br> ) | |
| SMTS, LLC DBA TUFF ZONE <br> (A Michigan Corporation); <br> TRARMS, INC. <br> (A California Corporation); and <br> SUN OPTICS USA, <br> (A Texas Corporation), | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO JOINT MOTION
OF DEFENDANTS SMTS AND TRARMS TO DISMISS**

## TABLE OF CONTENTS

**PAGE(S)**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES ....................................................................................ii-iii

I.     BACKGROUND ..................................................................................................1

II.    LEGAL ARGUMENT .........................................................................................2

    A. Standard for Rule 12(b)(6) Motion to Dismiss ............................................2
    B. Count I – False Designation of Origin or Sponsorship ..............................4
    C. Count II – Trade Dress Infringement;
       Count IV – Common Law Trademark Infringement;
       Count V – Unfair Competition; and
       Count VI – Infringement under Michigan Law
       Count VII – Violation of the Michigan Consumer Protection Act ............5
         1. Ownership of a Specific Mark ........................................................5
         2. Continuous Use of the Mark ...........................................................6
         3. Secondary Meaning ........................................................................7
         4. Likelihood of confusion ..................................................................8
         5. Nonfunctionality .............................................................................9
    D. Count III – Trademark Dilution .................................................................10

III.   CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*AMD Southfield Michigan Limited Partnership v. Michigan Open MRI, LLC*,
    337 F.Supp.2d 978 (E.D. Mich. 2004) ...................................................... 3,5-7

*American Automobile Assoc., Inc. v. Advanced American Auto Warranty Services, Inc.*,
    2009 WL 3837234, No. 09-cv-12351, *3,
    (E.D. Mich. Nov. 16, 2009) ............................................................................. 3,9

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................................. 3-4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007) ................................................................. 4

*Elcometer, Inc. v. TQC-USA, Inc.*
    2013 WL 1433388, No. 12-cv-14628, *2
    (E.D. Mich. April 9, 2013) ................................................................................ 2,5

*Hensley Manuf., Inc. v. Propide, Inc.*,
    579 F.3d 603 (6th Cir. 2009) ............................................................................... 8

*Metro Sanitation, LLC v. C&R Maintenance, Inc.*,
    2005 WL 1861931, No. 05-70673 *3,
    (E.D. Mich. Aug. 4, 2005) ................................................................................ 7-9

*Official Pillotex, LLC v. Hollander Home Fashions Corp.*,
    479 F.Supp.2d 744 (S.D. Ohio 2007) .................................................................. 4

*Reed Elseview, Inc. v. Thelaw. net Corp.*,
    269 F.Supp.2d 942 (S.D. Ohio 2003) ................................................................ 10

*Traffix Devices, Inc. v. Marketing Displays, Inc.*,
    532 U.S. 23, 121 S.Ct. 1255 (2001) ................................................................ 9-10

## TABLE OF AUTHORITIES
### (con't)

**PAGE(S)**

**STATUTES**

15 U.S.C. §
    1125 ............................................................................................................... 5

**OTHER AUTHORITIES**

*Federal Rules of Civil Procedure*
    8(a)(2) .............................................................................................................. 2
    12(b)(6) .................................................................................................... 2-3,5,12

Plaintiff, Leapers, Inc. ("Leapers"), by its attorneys, hereby files its Response in Opposition to Joint Motion of Defendants SMTS and Trarms to Dismiss.

# I.
# BACKGROUND

Leapers is a Michigan company that has been in the business of supplying shooting, hunting and outdoor gear for over 20 years. Leapers focuses on providing unique high-quality products that stand out from its competitors. [Dkt. # 1, par. 15] Relevant to this action, Leapers sells a line of rifle scopes that were created using a distinctive scalloping design applied to the adjustment knobs and bells of the scopes. [Dkt. # 1, par. 17] Leapers has obtained a Michigan trademark registration for this unique design. [Dkt. # 1, par. 18]

Leapers has sold the scopes featuring the unique scalloping design (the "Design") throughout Michigan and the United States. [Dkt. # 1, par. 20] Leapers has invested significant resources in creating the Design and for the advertisement of products using the Design around the country. [Dkt. # 1, par. 21-22]

After Leapers developed the Design, Defendants began selling scopes under their own brand name using the same distinctive scalloping Design that was originally created by Leapers. [Dkt. # 1, par. 25-26] Leapers has not given Defendants permission to use the Design. [Dkt. # 1, par. 27] Defendants knew that their sale of products using the Design was unauthorized by Leapers. [Dkt. # 1,

par. 30] In fact, as Defendants acknowledge, the parties formerly conducted business together. [Dkt. # 15, p. 9] The factory that Trarms, Inc. uses to manufacture the unauthorized designs is the same factory that originally made the Leapers designs. Upon termination of the relationship, Trarms, Inc. began selling products under its own brand name using the Leapers designs.

Defendants have filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants contend that Leapers has failed "to allege any protectable intellectual property rights". [Dkt. # 15, p. 9] Defendants further suggest that, even if Leapers has sufficiently identified its trade dress, the design is functional and lacks secondary meaning. [Dkt. # 15, p. 9-10] Finally, Defendants argue that, if all else fails, Leapers has not alleged that Defendants infringed its intellectual property rights. [Dkt. # 15, p. 10]

## II.
## LEGAL ARGUMENT

A.   **Standard for Rule 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Elcometer, Inc. v. TQC-USA, Inc.*, 2013 WL 1433388, No. 12-cv-14628, *2 (E.D. Mich. April 9, 2013). A complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some

viable legal theory. *American Automobile Assoc., Inc. v. Advanced American Auto Warranty Services, Inc.*, 2009 WL 3837234, No. 09-cv-12351, *3 (E.D. Mich. Nov. 16, 2009).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". *AMD Southfield Michigan Limited Partnership v. Michigan Open MRI, LLC*, 337 F.Supp.2d 978, 981 (E.D. Mich. 2004) (c*itation omitted*). In reviewing the motion, courts must construe the complaint in the light most favorable to the plaintiff and accept all the plaintiff's factual allegations as true. *Id*.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679, 1950. Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of unlawful

3

conduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959 (2007).

**B.     Count I – False Designation of Origin or Sponsorship**

There are two elements necessary to sustain a false designation claim: (1) the alleged false designation had a substantial effect on interstate commerce; and (2) the false designation created a likelihood of confusion among consumers. *Official Pillowtex, LLC v. Hollander Home Fashions Corp.*, 479 F.Supp.2d 744, 755 (S.D. Ohio 2007). Several facts in the Leapers' Complaint illustrate that the Defendants' use of the Leapers marks could have a substantial effect on interstate commerce and that their use of the marks could cause confusion among consumers. For example, Leapers is a national company selling its products in all fifty (50) states. [Dkt. #1, par. 15, 20] Defendants have been selling nearly identical products throughout the country. [Dkt. #1, par. 25, 26, 29] Leapers has invested time and money to develop its trademarks. [Dkt. # 1, par. 22] The parties are selling substantially similar products in the same market. [Dkt. #1, par. 34-35] For these reasons, Defendants' Motion to Dismiss Count I should be denied.

C. **Count II – Trade Dress Infringement;**
**Count IV – Common Law Trademark Infringement;**
**Count V – Unfair Competition; and**
**Count VI – Infringement under Michigan Law**
**Count VII – Violation of the Michigan Consumer Protection Act**

The Sixth Circuit has stated that because Lanham Act claims involve the same dispositive questions as Michigan statutory and common law counts regarding unfair competition and trademark infringement, a proper decision of a motion based on a Lanham Act claim will apply to the Michigan statutory and common law counts. *AMD Southfield*, 337 F.Supp.2d at 981. Because Leapers has stated plausible federal trademark infringement claims, its common law and state claims also withstand the Rule 12(b)(6) attack. *Id*. (*See also*, *Elcometer*, 2013 WL 1433388 at *5).

The elements necessary to state a claim for trademark infringement under 15 U.S.C. § 1125 (a) are: (1) ownership of a specific mark; (2) continuous use of the mark; (3) secondary meaning; and (4) likelihood of confusion amongst consumers due to the contemporaneous use of the marks in question. *Id*.

### 1. Ownership of a Specific Mark

Ownership of a mark is not acquired through federal or state registration, but rather it flows from prior appropriation and actual use in the market. *AMD Southfield*, 337 F.Supp.2d at 981-982. Leapers has satisfied its obligation to plead ownership for its Lanham Act claim because it has pleaded actual use and prior

5

appropriation. *Id*. Specifically, Leapers alleges in its Complaint that it "owns common law trade dress rights in the distinctive scalloping design applied to the adjustment knobs and bells of its rifle scopes and/or sights (the "Leapers marks")." [Dkt. # 1, par. 17] Leapers further asserts that it "is engaged in the sale and/or distribution of merchandise bearing the Leapers marks in Michigan and throughout the United States". Dkt. # 1, par. 20] Finally, the Leapers Complaint states that, "Subsequent to Leapers' use of the Leapers marks, Defendants manufactured, produced, advertised and/or sold products bearing the Leapers marks" without permission from Leapers. [Dkt. # 1, par. 25-27]

Leapers has also articulated the elements which comprise its specific trademark. Leapers provided a written description of the distinctive scalloping design applied to the adjustment knobs and bells of its rifle scopes and attached photographic exhibits to the Complaint which depict that design. [Dkt. # 1-3] Accordingly, Leapers has sufficiently identified the trademark at issue and has alleged ownership of that mark. *See*, *AMD Southfield*, *supra* at 983 (Plaintiff provided sufficient facts to support its claim where it included photographic exhibits to supplement its written explanation).

### 2. Continuous Use of the Mark

Leapers' Complaint alleges facts sufficient to show continuous use of the Leapers marks. The Complaint states that Leapers has been in the business of

6

supplying shooting, hunting and outdoor products since 1992. [Dkt. # 1, par. 15] It further alleges that Leapers is the exclusive owner of intellectual property rights associated with those products. [Dkt. # 1, par. 16] The Complaint asserts that Leapers has sold and is engaged in the sale of products using the Leapers marks throughout the country; that it maintains strict control over the quality of these products; and that Leapers has invested considerable time and money in advertising the products. [Dkt. # 1, par. 20-22] Therefore, Leapers has plead facts sufficient to show continuous use of the mark.

### 3. Secondary Meaning

First, it is important to note that secondary meaning is a factual inquiry that is not appropriate for a motion to dismiss. *Metro Sanitation, LLC v. C&R Maintenance, Inc.*, 2005 WL 1861931, No. 05-70673 *4 (E.D. Mich. Aug. 4, 2005). Proof of acquired distinctiveness is a difficult empirical inquiry which a factfinder must undertake. *Id*. at *5. Leapers has alleged that its trade dress is distinctive and has acquired secondary meaning. Furthermore, Leapers' photographic exhibits convey a distinctive impression sufficient to make it plausible that secondary meaning exists.

Trade dress includes features such as size, shape, and texture. *AMD Southfield*, *supra* at 983. Leapers has stated in its Complaint that its trade dress is comprised of the unique scalloping on the bells and knobs of its scopes. The

pictures provide support for this assertion. Consequently, the Complaint contains sufficient factual allegations for the pleadings stage and the Complaint should not be dismissed. *See*, *Metro Sanitation*, *supra* at *5.

### 4. Likelihood of confusion

Generally, dismissal for failure to state a claim upon which relief can be granted is appropriate in only the most extreme trademark infringement cases, such as where goods are unrelated as a matter of law, since likelihood of confusion is generally a question of fact. *Hensley Manuf., Inc. v. Propide, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). Nevertheless, Leapers has offered enough evidence to show that it is plausible that consumers will be confused by the contemporaneous sale of the parties' products and that, as a result, Defendants have infringed upon Leapers' trade dress.

In the Complaint, Leapers clearly states that "this case involves "infringement upon the distinctive trade dress used by Leapers in connection with the sale and promotion of its rifle scope and sight products in the United States". [Dkt. # 1, par. 1]  Leapers also alleges that "Defendants' advertisement, distribution and/or sale of the infringing items violates Leapers' rights under federal trademark law, common law and Michigan state law". [Dkt. # 1, par. 2] Leapers then repeats and realleges these allegations in each count of the Complaint.

8

Furthermore, by claiming that Defendants have advertised, sold, and/or distributed products using replications of the Leapers marks [Dkt. # 1, par. 25-29], Leapers provides evidence of similarity in the marketing channels used, similarity between the products offered and similarity between the marks used. Leapers also submitted photographs of Defendants' products with a side-be-side comparison with its scopes to show similarity between the two marks. [Dkt. # 1-3] Thus, Leapers Complaint alleges facts sufficient to show that likelihood of confusion is plausible, and thus the Complaint should be allowed to proceed. *See*, *Metro Sanitation*, *supra* at *5; and *American Auto*, 2009 WL 3837234 at *5.

### 5. Nonfunctionality

Defendants also challenge Leapers' Complaint on the basis that it does not sufficiently plead nonfunctionality of the Leapers trade dress. It is well-settled that trade dress protection may not be claimed for product features that are functional. *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29, 121 S.Ct. 1255, 1259 (2001). In general terms, a product feature is functional if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. *Id*. at 32, 1261. Leapers has alleged that its trade dress is nonfunctional. [Dkt. # 1, par. 19] Moreover, Leapers has described its trade dress as the unique scalloping design applied to the knobs and bells of its scopes. [Dkt. # 1, par. 17] Clearly, then, the design is ornamental and can be protected as trade dress. *Traffix*, supra at

9

34, 1262. Therefore, because the Leapers' Complaint contains direct allegations of nonfunctionality that raise a viable legal theory, the Motion to Dismiss should be denied.

**D.    Count III – Trademark Dilution**

Unlike trademark infringement claims, dilution claims are not tied to consumer confusion. Under a dilution theory, the holder of a distinctive mark seeks to protect its interests in the trademark from the use of an identical or similar mark by a junior user that tends to blur or tarnish the image of the distinctive mark. *Reed Elsevier, Inc. v. Thelaw.net Corp.*, 269 F.Supp.2d 942, 952 (S.D. Ohio 2003). Dilution occurs when the senior user possesses a distinctive mark which may diminish in value or distinctiveness through use of a similar mark by the junior user. This kind of infringement corrodes the senior user's interest in the trademark by blurring its product identification or by damaging positive associations that have attached to it. *Id*.

In order to make out a claim for trademark dilution, a plaintiff must demonstrate the following: (1) the mark is famous; (2) the mark is distinctive; (3) the junior user is a commercial use; (4) the junior use began after the senior mark became famous; and (5) the junior use caused dilution of the distinctive quality of the senior mark. *Id*. Leapers has alleged facts sufficient to support the above-references material elements of its dilution claim. Leapers' Complaint alleges that

it has created a unique design for the bells and knobs of its rifle scopes; that it has been selling scopes using this design throughout the United States; and that it has established goodwill with consumers through continuous sales and advertisement of the relevant scopes. [Dkt. # 1, par. 16-17, 20, 49-50] Leapers has further asserted that Defendants have advertised and sold products using a nearly identical design; that Defendants' use of the design began after the Leapers mark became famous; and that Defendants use of the similar marks have weakened the association of Leapers with the marks. [Dkt. #1, par. 25-26, 51-54] Accordingly, Leapers has met the requirements for stating a plausible claim for trademark dilution.

### III.
### CONCLUSION

The Leapers' Complaint contains a short and plain statement of the claims showing that it is entitled to relief. Defendants have clearly been put on notice of the claims at issue and the essential facts that support those claims. Accepting all of the facts of the Leapers' Complaint as true, it is obvious that they could give rise to liability on behalf of Defendants.

Ultimately, this is a trademark infringement action. Leapers has provided a written description of its trade dress, along with high quality pictures that have been placed next to the products sold by Defendants. Thus, Plaintiff's Complaint

11

survives the standard set forth for pleading requirements, and Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied.

                                              Respectfully submitted,

Dated:  September 2, 2014      /s/ Richard W. Hoffmann
                                              RICHARD W. HOFFMANN (P42352)
                                              Reising Ethington PC
                                              755 West Big Beaver Road, Suite 1850
                                              Troy, Michigan 48084
                                              Telephone:  248-689-3500
                                              Facsimile:  248-689-4071
                                              E-mail:      hoffmann@reising.com

                                              Darlene R. Seymour
                                              Jeremiah Pastrick (to be admitted *pro hac vice*)
                                              Continental Enterprises
                                              1292 E. 91st Street
                                              Indianapolis, IN 46240
                                              317-818-0523
                                              317-566-2453 – fax

                              *Attorneys for Plaintiff Leapers, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 2nd day of September 2014, the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO JOINT MOTION OF DEFENDANTS SMTS AND TRARMS TO DISMISS and CERTIFICATE OF SERVICE were electronically filed with the Clerk of the Court using the CM/ECF system and that counsel listed on the Court's electronic mailing list for this case will receive electronic notification of this filing.


                                 /s/ Richard W. Hoffmann
                                 RICHARD W. HOFFMANN