IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | | |
|---|---|---|
| LEAPERS, INC. | § | |
| (A Michigan Corporation), | § | CIVIL ACTION |
| Plaintiff | § | NO. 2:14-cv-12290-RHC-DRG |
| v. | § | |
| SMTS, LLC d/b/a TUFF ZONE | § | Judge Robert H. Cleland |
| (A Michigan Corporation); | § | Magistrate Judge David R. Grand |
| TRARMS, INC. | § | |
| (A California Corporation); and | § | **JURY DEMAND** |
| SUN OPTICS USA, | § | |
| (A Texas Corporation), | § | |
| Defendants | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

**Proceedings and Information Governed.**

1.      This Confidentiality and Protective Order ("Order") is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any party to any other party in this proceeding, and it includes any non-party who receives a subpoena in connection with this proceeding.  The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and recordings, and questions and answers during a deposition; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.       For purposes of this Protective Order,

(a) the "Confidential Information" designation means that the document is comprised of or contains trade secrets, proprietary information, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, or financial information of any kind, or other information required by law or agreement to be kept confidential and

(b) the "Confidential Attorney Eyes Only" designation means that the document or testimony is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, and any other sensitive trade secret information.

(c) Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to information that (i) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document or by any other improper means, or by inadvertent disclosure protected under Paragraph 4 below; (ii) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (iii) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (iv) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (v) is disclosed by a non-designating party with the approval of the designating party.

3.     Documents and things produced during the course of this proceeding within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the court reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after receipt of the transcript of the deposition to designate, in writing to the other party and to the court reporter, whether the transcript or certain portions thereof are to be designated as Confidential Information or Confidential Attorneys Eyes Only Information.  If no such designation is made at the deposition or within the said fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), or pursuant to Paragraph 4 below, the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information.

Each party and the court reporter must attach a copy of any final and timely written

designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified and to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate or Production.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

5. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will *not* waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any alleged waiver. If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, the document and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after a request is made by the producing party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced information subject to a claim of immunity or privilege shall be destroyed. Nothing herein shall prevent the receiving party from preparing a

record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the document and generally describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the receiving party may challenge the producing party's claim(s) of privilege or work-product by motion to the Court.

**Challenge to Designations.**

6. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

7. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may be used only for purposes of preparation, trial, and appeal of this proceeding and for no other purpose whatsoever.

8. Subject to paragraph 9 below, Confidential Information shall be disclosed by the receiving party only to the following individuals, provided that such individuals (i) are informed of the terms of this Protective Order and (ii) are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions: (a) up to three (3) employees, which may include in-house counsel, of the receiving party who are identified as such in writing

to counsel for the producing party in advance of the disclosure and any additional employees of the receiving party that may be agreed to or added pursuant to an order of the Court; (b) outside counsel for the receiving party; (c) supporting personnel employed by the individuals identified in (a) or (b) above, such as paralegals, secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants, (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents and (f) Court reporters, the Court, court personnel, and/or the trier of fact..

9.      Subject to paragraph 9 below, Confidential Attorney Eyes Only Information shall be disclosed by the receiving party only to the following individuals, provided that such individuals (i) are informed of the terms of this Protective Order and (ii) are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) those individuals designated in paragraph 11(c) and (e) Court reporters, the Court, court personnel, and/or the trier of fact..

10.     Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must obtain from that person a signed Confidentiality Agreement in the form attached as Exhibit A.  A scanned or facsimile copy of a signature shall be acceptable as proof of execution.  Counsel obtaining a signed Confidentiality Agreement shall retain the original of that Confidentiality Agreement during the pendency of this proceeding and for three years after a final decision is obtained in this proceeding.

11.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed

Confidentiality Agreement in the form attached as Exhibit B. A scanned or facsimile copy of a signature shall be acceptable as proof of execution.

12.     Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the producing party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c) counsel for the party producing the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court, and persons to whom disclosure may be made under, and who are bound by, the terms of this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

13.     The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

14.     If any party wishes to submit Confidential Information to the Court, the submission must be filed only, if filed electronically, as a sealed document in accordance with

7

the procedures laid down for such documents by the District Clerk in accordance with Local

Rule 26.4. The filing shall comply with E.D. Mich. LR 5.1, 5.3 and the Court's ECF Policies and

Procedures as appended to the Local Rules. When electronic filing is not possible, the filing may

be in a sealed envelope bearing the caption of this action and a notice in substantially the

following form:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | | |
|---|---|---|
| LEAPERS, INC. | § | |
| (A Michigan Corporation), | § | CIVIL ACTION |
|      Plaintiff | § | NO. 2:14-cv-12290-RHC-DRG |
| v. | § | |
| SMTS, LLC d/b/a TUFF ZONE | § | Judge Robert H. Cleland |
| (A Michigan Corporation); | § | Magistrate Judge David R. Grand |
| TRARMS, INC. | § | |
| (A California Corporation); and | § | **JURY DEMAND** |
| SUN OPTICS USA, | § | |
| (A Texas Corporation), | § | |
|      Defendants | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**CONFIDENTIAL INFORMATION**

This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.

**<u>No Prejudice.</u>**

     15.    Producing or receiving confidential information, or otherwise complying with the

terms of this Protective Order, will not (a) operate as an admission by any party that any

particular Confidential Information contains or reflects trade secrets or any other type of

confidential or proprietary information; (b) prejudice the rights of a party to object to the

production of information or material that the party does not consider to be within the scope of

8

discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Proceedings.**

16.     Within sixty (60) calendar days after final judgment in this proceeding, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information.  However, outside counsel for any party is entitled to retain all Court pleadings and papers, trial transcripts, exhibits, and attorney work product, provided that to the extent any such materials include Confidential Information or Confidential Attorney Eyes Only Information, such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

17.     By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another tribunal or court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**.

18.     It is Ordered that this Protective Order will be enforced by sanctions that may be available to the Court.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

19.     Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

SO ORDERED:

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTICT JUDGE

Date:   December 22, 2014

/s/ Joseph F. Cleveland, Jr.
Joseph F. Cleveland, Jr.
State Bar No. 04378900
jcleveland@belaw.com
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas  76102-3090
Telephone:  (817) 338-1700
Facsimile:   (817) 870-2265

James K. Thome  (P25629)
jthome@VGpcLAW.com
VANDEVEER GARZIA, PC
840 W.  Long Lake Road, Suite 600
Troy, Michigan  48098
Telephone:  (248) 312-2800
Facsimile:   (248) 267-1242

ATTORNEYS FOR DEFENDANT
SUN OPTICS USA

/s/ Douglas P. LaLone
Douglas P. LaLone  (P45751)
dpl@raderfishman.com
RADER, FISHMAN & GRAUER, PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, MI  48304
Telephone:  (248) 594-0600
Facsimile:  (248) 594-0610

ATTORNEYS FOR DEFENDANTS
SMTS, LLC d/b/a TUFF ZONE and
TRARMS, INC.


/s/ Richard W. Hoffmann
Richard W. Hoffmann  (P42352)
Hoffmann@reising.com
REISING ETHINGTON PC
755 West Big Beaver Road, Suite 1850
Troy, MI  48084
Telephone:  (248) 689-3500
Facsimile:  (248) 689-4071

Darlene R. Seymour
CONTINENTAL ENTERPRISES
1292 East 91st Street
Indianapolis, IN 46240
T: (317) 818-0523
F: (317) 566-2453
dseymour@ce-ip.com

ATTORNEYS FOR PLAINTIFF
LEAPERS, INC.