UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAPERS, INC.,

    Plaintiff,

v.                                        Case Number: 14-12290

SMTS, LLC d/b/a/ TUFF ZONE, et al.,

    Defendants.
                                           /

**OPINION AND ORDER TERMINATING AS MOOT
DEFENDANTS' MOTION TO STRIKE EXPERT TESTIMONY**

Pending before the court is Defendants' "Motion to Strike the Testimony of Plaintiff's Expert." (Dkt. # 78.) The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will terminate the motion as moot.

In its motion, "Defendants seek to exclude Kupritz's opinions, testimony, data, and surveys that deal with likelihood of consumer confusion" on grounds that they "are neither reliable nor do they follow acceptable principles and methods." (Dkt. # 78, Pg. ID 3429.)

Federal Rule of Evidence 702 provides that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993).

When assessing the validity of a survey conducted by a party's expert, courts should take into account the following factors:

(1) whether the population or universe was properly chosen and defined;

(2) whether the sample chosen was representative of that population;

(3) whether the data gathered were accurately reported;

(4) whether the data was analyzed in accordance with accepted statistical principles.

(5) whether the questions asked were clear and not leading;

(6) whether the survey was conducted by qualified persons following proper interview procedures; and

(7) whether the process was conducted so as to ensure objectivity.

*Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.,* No. 04-73923, 2007 WL 20523, at *5 (E.D. Mich. Jan 4, 2006). Specifically, Defendants claim that Kupritz's surveys are inappropriate because she (a) "used improper side-by-side comparisons" in her survey to determine the likelihood of confusion, (Dkt. # 78, Pg. ID 3434); (b) "failed to replicate actual market conditions," (*Id.* at Pg. ID 3435); and (c) "created an improper universe for a 'forward confusion' survey, by failing to survey *potential* purchasers of rifle scopes," (*Id.* at 3436).

The court is inclined to agree with Defendants and find that Kupritz failed to "follow[] accepted survey methodology." (*Id.* at 3428.) Nevertheless, the court need not make a final determination on the matter. As memorialized in this court's March 25, 2016 Order, (Dkt. # 109), the survey data is not sufficient to survive Defendants' Motion for Summary Judgment, (Dkt. # 67). As such, the instant action is moot. Accordingly,

IT IS ORDERED that Defendants' "Motion to Strike the Testimony of Plaintiff's Expert" (Dkt. # 78) is TERMINATED as moot.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2016, by electronic and/or ordinary mail.

        s/Holly Monda
        Case Manager and Deputy Clerk in the
        Absence of Lisa Wagner
        (313) 234-5522